**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ROBERT OSTERHOUT and
PEARL OSTERHOUT,**

                         **Plaintiffs,**

    vs.                                              **5:14-CV-208
                                                       (MAD/DEP)**

**AIR & LIQUID SYSTEMS CORPORATION,
as successor by merger to Buffalo Pumps, Inc.;
CAMERON INTERNATIONAL;
CARRIER CORPORATION, individually and as
successor-in-interest to Bryant Heating and
Cooling Systems, Inc.;
CBS CORPORATION, formerly known as
Viacom, Inc., successor by merger to CBS Corporation,
a Pennsylvania corporation, formerly known as
Westinghouse Electric Corporation;
CRANE CO.; CRANE PUMPS & SYSTEMS, INC.;
FMC CORP., on behalf of its former
Peerless Pump and Northern business;
FOSTER WHEELER ENERGY CORPORATION;
GENERAL ELECTRIC COMPANY;
G.H. MINER CO., INC.; GOULDS PUMPS, INC.;
HOMELITE CONSUMER PRODUCTS, INC.;
IMO INDUSTRIES INC.;
INGERSOLL-RAND COMPANY;
JOHN CRANE, INC.; JOHNSON CONTROLS, INC.;
RUGGLES-KLINGLEMAN
MANUFACTURING CO., INC.;
SEARS, ROEBUCK & CO.; STIHL INCORPORATED;
SYRACUSE SUPPLY CO.; TATE ANDALE, INC.;
THE NASH ENGINEERING COMPANY;
TODD SHIPYARDS CORP.;
TRANE US, INC., individually and as
successor in interest to American Standard, Inc.;
TROY BELTING AND SUPPLY CO.;
WARREN PUMPS LLC;
WEIR VALVES & CONTROLS USA, INC., individually
and as successor in interest to Attwood & Morrill Co., Inc.,**

                                   **Defendants.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

| | |
|---|---|
| **LEVY KONIGSBERG, LLP**<br>800 Third Avenue, 11th Floor<br>New York, New York 10022<br>Attorneys for Plaintiffs | **JEROME H. BLOCK, ESQ.**<br>**KEITH W. BINDER, ESQ.** |
| **BROWN & KELLY, LLP**<br>424 Main Street<br>Buffalo, New York 14202<br>Attorneys for Defendant-<br>Cross-Defendant<br>Air & Liquid Systems Corporation | **KENNETH A. KRAJEWSKI, ESQ.** |
| **COSTELLO SHEA & GAFFNEY, LLP**<br>44 Wall Street, 11th Floor<br>New York, New York 10005-2401<br>Attorneys for Defendant-<br>Cross-Claimant-Cross-Defendant<br>Cameron International | **STEVEN E. GARRY, ESQ.** |
| **WILSON ELSER MOSKOWITZ,**<br>**EDELMAN & DICKER LLP**<br>150 East 42nd Street<br>New York, New York 10017-5639<br>Attorneys for Defendants-<br>Cross-Claimants-Cross Defendants<br>Carrier Corporation,<br>G.H. Miner Co., Inc.,<br>Homelite Consumer Products, Inc., and<br>Todd Shipyards Corp. | **JULIE R. EVANS, ESQ.**<br>**ERIK C. DIMARCO, ESQ.** |
| **SEDGWICK, LLP**<br>Three Gateway Center, 12th Floor<br>Newark, New Jersey 07102<br>Attorneys for Defendants-<br>Cross-Defendants-Cross-Claimants<br>CBS Corporation,<br>Foster Wheeler Energy Corporation, and<br>General Electric Company | **MICHAEL A. TANENBAUM, ESQ.**<br>**DENNIS V. VEGA, ESQ.**<br>**MATTHEW STRAUS, ESQ.** |
| **K & L GATES LLP**<br>599 Lexington Avenue<br>New York, New York 10020-6030 | **ANGELA DIGIGLIO, ESQ.**<br>**ERIC R.I. COTTLE, ESQ.**<br>**NICOLE M. KOZIN, ESQ.** |

Attorneys for Defendants-
Cross-Claimaints-Cross-Defendants
Crane Co.,
Crane Pumps & Systems, Inc., and
Ruggles-Klingeman Manufacturing Co., Inc.

**KELLEY JASONS MCGOWAN SPINNELLI HANNA & REBER, LLP**     **CHRISTOPHER P. HANNAN, ESQ.**
120 Wall Street, 30th Floor
New York, New York 10005
Attorneys for Defendant-
Cross-Claimaint-Cross-Defendant
FMC Corp.

**GOLDBERG SEGALLA, LLP**     **SUSAN E. VAN GELDER, ESQ.**
665 Main Street, Suite 400     **LISA MARIE ROBINSON, ESQ.**
Buffalo, New York 14202     **ANDREW J. SCHOLZ, ESQ.**
Attorneys for Defendants-
Cross-Defendants-Cross-Claimants
Goulds Pumps, Inc. and
Stihl Incorporated

**LEADER & BERKON, LLP**     **AMY ZUMSTEG, ESQ.**
630 Third Avenue
New York, New York 10017
Attorneys for Defendants-
Cross-Defendants-Cross-Claimants
Imo Industries Inc. and
Warren Pumps LLC

**KENNEY SHELTON LIPTAK NOWAK, LLP**     **JAMES S. NOWAK, ESQ.**
233 Franklin Street
Buffalo, New York 14202
Attorneys for Defendants-
Cross-Defendants-Cross Claimants
Ingersoll-Rand Company and
Trane US, Inc.

**BARRY, MCTIERNAN & MOORE**     **WILLIAM A. COONEY, ESQ.**
2 Rector Street
New York, New York 10006

Attorneys for Defendant-
Cross-Defendant-Cross Claimant
John Crane, Inc.

| | |
|---|---|
| **HOAGLAND, LONGO, MORAN, DUNST & DOUKAS** | **JASON RIEMER, ESQ.** |

48 Wall Street
New York, New York 10005
Attorneys for Defendant-
Cross-Defendant
Johnson Controls, Inc.

| | |
|---|---|
| **MALABY & BRADLEY, LLC** | **DAVID P. SCHAFFER, ESQ.** |

150 Broadway, Suite 600
New York, New York 10038
Attorneys for Defendant-
Cross-Defendant-Cross-Claimant
Sears, Roebuck & Co.

| | |
|---|---|
| **RIVKIN RADLER LLP** | **DAVID E. RICHMAN, ESQ.** |

926 RXR Plaza
Uniondale, New York 11556-0926
Attorneys for Defendant-
Cross-Defendant
Syracuse Supply Co.

| | |
|---|---|
| **MCGIVNEY & KLUGER, PC** | **ERIC M. GERNANT, ESQ.** |

100 Madison Street, Suite 1640
Syracuse, New York 13202
Attorneys for Defendants-
Cross-Defendants-Cross-Claimants
Tate Andale, Inc.,
The Nash Engineering Company, and
Weir Valves & Controls USA, Inc.

| | |
|---|---|
| **AHMUTY, DEMERS & MCMANUS** | **FRANK A. CECERE, ESQ.** |

200 I.U. Willets Road
Albertson, New York 11507

Attorneys for Defendant-
Cross-Claimant-Cross-Defendant
Troy Belting and Supply Co.

**Mae A. D'Agostino, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

On February 27, 2014, Defendants Foster Wheeler Energy Corporation and General Electric Company removed this action to federal court pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1). *See* Dkt. No. 1. Plaintiffs Robert Osterhout and Pearl Osterhout have moved to remand the action back to state court for lack of subject matter jurisdiction or, in the alternative, for partial summary judgment on Defendants' government contractor defense. *See* Dkt. No. 128. For the reasons set forth below, Plaintiffs' motion is denied.

On February 7, 2014, Plaintiffs commenced this action in New York State Supreme Court, Onondaga County. *See* Dkt. No. 1-1 ("Verified Complaint"). In the Verified Complaint, Plaintiffs allege that Mr. Osterhout was exposed to asbestos fibers and dust contained in Defendants' products during his service with the United States Navy from 1947 to 1952 aboard the U.S.S. Charles H. Roan. *Id.* As a result of this exposure, Plaintiffs allege, Mr. Osterhout developed malignant mesothelioma in or about January 2014 and continues to suffer from this disease. *Id.* Plaintiffs' claims, which are based upon a failure to warn theory, arise under state law and diversity is lacking.

After being served with the summons and complaint, Defendants Foster Wheeler and General Electric (collectively, "Removing Defendants") confirmed that they manufactured marine steam generators used aboard the U.S.S. Roan, and filed a notice of removal under the federal officer removal statute, 42 U.S.C. § 1442(a)(1). Several other Defendants joined in General

5

Electric's and Foster Wheeler's removal, including Defendants CBS Corporation, *see* Dkt. No. 27, and Crane Co., *see* Dkt. No. 33.[1]  However, all defendants need not join in removal, since the federal officer defense may be invoked by a single party defendant. *See Gordon v. Air & Liquid Systems Corp.*, — F. Supp. 2d — , 2014 WL 31419, *1 n.1 (E.D.N.Y. Jan. 6, 2014) (citing *Bradford v. Harding*, 284 F.2d 307, 309-10 (2d Cir. 1960)).  In their notice of removal, the Removing Defendants assert that they are immunized from liability by the government contractor defense, which defense entitles them to a federal forum for adjudication of Plaintiffs' claims, pursuant to Section 1442(a)(1).

A government contractor must satisfy a three-pronged test to properly effect removal under Section 1442(a)(1):

> First, it must show that it is a "person" within the meaning of the statute. Second, it must establish that it was "acting under" a federal officer, which subsumes the existence of a "causal connection" between the charged conduct and asserted official authority. Finally, the defendant must raise a colorable federal defense.

*Veneruso v. Mt. Vernon Neighborhood Health Ctr.*, — Fed. Appx. — , 2014 WL 1776011, *3 (2d Cir. May 6, 2014) (quoting *In re MTBE Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007)).

Plaintiffs argue that this matter should be remanded to New York State Supreme Court because the Removing Defendants have not raised a colorable federal defense and have not established a causal nexus between Plaintiffs' claims and their conduct.  Plaintiffs argument in this regard is largely based upon evidentiary objections to the proof submitted by the Removing Defendants in support of their removal petition.  Should the Court deny Plaintiffs' motion to remand, Plaintiffs argue in the alternative that they are entitled to summary judgment on

---

[1] Since Plaintiffs' motion to remand is denied, the Court need not address Defendant Crane Co.'s "independent" grounds for removal.

Removing Defendants' government contractor defense. This is so, Plaintiffs contend, because the Removing Defendants cannot dispute that the United States Navy did not prohibit its contractors from including proposed warnings about the dangers of the products they sold to the Navy. "Since it is undisputed that the Defendant military contractors never proposed any warnings about the dangers of the asbestos contained in the turbines and boilers they sold to the Navy, Plaintiffs are entitled to a partial summary judgment striking Defendants' government contractor defense." Dkt. No. 128-1 at 26-27. Defendants Foster Wheeler Energy Corporation, General Electric Company, and CBS Corporation oppose Plaintiffs' motion to remand or for partial summary judgment, *see* Dkt. No. 142, and Defendant Crane Co. opposes the motion to remand only, *see* Dkt. No. 136.

The parties have submitted extensive briefing and evidence regarding the availability of the Removing Defendants' government contractor defense. As noted by several courts that have addressed this issue, the Removing Defendants need not prove their defense to establish federal subject matter jurisdiction. *See Gordon*, 2014 WL 31419, at *3 (noting that "[a] federal officer, or his agent, 'need not win his case before he can have it removed'"). At this stage of the litigation, the Removing Defendants need only convince the Court that they have a "colorable" federal defense. *See Gates v. A.O. Smith Water Products Co.*, No. 13-CV-1435, 2014 WL 104965, *4-5 (N.D.N.Y. Jan. 9, 2014) (discussing cases and concluding that "a colorable federal defense is one that identifies fact[s] which, construed in the light most favorable to the defendant, would establish a complete defense at trial"). This is because courts have broadly construed the federal officer removal statute, since "one of the most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court." *Willingham v. Morgan*, 395 U.S. 402, 407 (1969); *see also Ruppel v. CBS Corp.*, 701 F.3d 1176, 1182 (7th Cir. 2012)

7

("we are concerned with who makes the ultimate determination, not what that determination will be").

For substantially the reasons set forth in the papers served in opposition to Plaintiffs' motion to remand, the Removing Defendants have satisfied their burden for removal jurisdiction under Section 1442(a)(1). There is no need for this Court to discuss the parties' competing arguments in a lengthy decision, since this issue has been addressed in several other cases in this district. *See, e.g.*, *Gates*, 2014 WL 104965; *Crews v. Air & Liquid Systems Corp.*, No. 12-CV-1678, 2014 WL 636362 (N.D.N.Y. Feb. 18, 2014). The Court finds the reasoning set forth by the multidistrict litigation judge in *In re Asbestos Products Liability Litigation* to be persuasive. *See Hagen v. Benjamin Foster Co.*, 739 F. Supp. 2d 770 (E.D. Pa. 2010). Applying that standard here, the Removing Defendants have "identif[ied] facts which, viewed in the light most favorable to the defendant, would establish a complete defense at trial." *Id.* at 783. Accordingly, the motion to remand is denied.

With respect to Plaintiffs' motion for partial summary judgment, the Removing Defendants argue that it is premature and should be denied. Inexplicably, the Removing Defendants failed to submit an affidavit in support of their argument, pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. In the absence of a Rule 56(d) affidavit, a party typically cannot "meet the heavy burden faced by a party opposing summary judgment on the grounds that additional discovery is required." *Eastern Savings Bank, FSB v. Rabito,* No. 11-cv-2501, 2012 WL 3544755, *6 (E.D.N.Y. Aug. 16, 2012) (quotation and citation omitted).

Nevertheless, the Court is entitled to exercise its discretion to assure "the just, speedy, and inexpensive determination" of any action pending before it. *See* Fed. R. Civ. P. 1. The Court is not convinced that adjudication of Plaintiffs' motion for partial summary judgment at this time

8

would achieve the goals set forth in Rule 1. As an initial matter, the parties in this matter are still actively engaged in fact discovery, which is scheduled to close on September 15, 2014, with expert discovery to follow thereafter, and a dispositive motion deadline of March 30, 2015. Perhaps more importantly, Plaintiffs moved for partial summary judgment only as to Defendants Foster Wheeler and General Electric. *See* Dkt. No. 128. This case currently has no fewer than thirteen defendant groups, many of which are likely to seek to interpose a government contractor defense. As such, any determination of Plaintiffs' summary judgment motion would be necessarily incomplete, since it would be based upon an incomplete record and would not decide the issue as to all relevant parties. Accordingly, Plaintiffs' motion for partial summary judgment is denied without prejudice to renew at the appropriate time.[2]

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiffs' motion (Dkt. No. 128) is **DENIED**; and the Court further

**ORDERS** that Plaintiffs' motion to remand is **DENIED**; and the Court further

**ORDERS** that Plaintiffs' motion for partial summary judgment is **DENIED** without prejudice to renew; and the Court further

---

[2] The Court is compelled to address Defendant Crane Co.'s supposition that where a court finds that a defendant is entitled to invoke jurisdiction pursuant to the federal officer removal statute, the Court must also find that the defendant has raised a question of fact with respect to its entitlement to interpose the government contractor defense at trial. *See* Dkt. No. 136 at 1 n.2. Crane Co. has cited no support for this proposition, nor is this Court aware of any. As noted above, although this Court has determined that a federal court is the appropriate forum in which to adjudicate the availability of Defendants' government contractor defense, it has by no means determined that Defendants are entitled to that defense. *See Mesa v. California*, 489 U.S. 121, 129 (1989) (recognizing that the jurisdictional question of a colorable defense and the substantive question of the validity of that defense are "wholly different inquiries").

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 30, 2014
       Albany, New York

Mae A. D'Agostino
U.S. District Judge