**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**PEARL OSTERHOUT,** *Individually and as*
*Representative of the Estate of Robert Osterhout,*

                              **Plaintiff,**

        **vs.**                                          **5:14-CV-208**
                                                         **(MAD/DEP)**

**CRANE CO. and FOSTER WHEELER LLC,**

                              **Defendants.**
_____

**APPEARANCES:**                           **OF COUNSEL:**

**LEVY KONIGSBERG, LLP**                   **JEROME H. BLOCK, ESQ.**
800 Third Avenue, 11th Floor               **KEITH W. BINDER, ESQ.**
New York, New York 10022
Attorneys for Plaintiff

**O'CONNELL & ARONOWITZ, P.C.**            **PAMELA A. NICHOLS, ESQ.**
54 State Street
9th Floor
Albany, New York 12207-2501
Attorneys for Plaintiff

**SEDGWICK, LLP**                          **MICHAEL A. TANENBAUM, ESQ.**
Three Gateway Center, 12th Floor           **DENNIS V. VEGA, ESQ.**
Newark, New Jersey 07102                   **MATTHEW STRAUS, ESQ.**
Attorneys for Defendants Foster
Wheeler, LLC

**K & L GATES LLP**                        **ANGELA DIGIGLIO, ESQ.**
599 Lexington Avenue                       **ERIC R.I. COTTLE, ESQ.**
New York, New York 10020-6030              **NICOLE M. KOZIN, ESQ.**
Attorneys for Defendant Crane Co.

**Mae A. D'Agostino, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On or about February 7, 2014, Plaintiffs Robert Osterhout ("Mr. Osterhout") and Pearl Osterhout commenced this action against Defendants in New York State Supreme Court, Onondaga County. *See* Dkt. No. 1-1. The Complaint included allegations that the decedent, Mr. Osterhout, was injured as a result of exposure to asbestos while serving in the United States Navy from approximately 1947 to 1952, and while aboard the USS Charles H. Roan (DD-853) ("USS Roan"). *See id.*

On February 27, 2014, Defendants Foster Wheeler and General Electric Company removed this action to this Court pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1). *See* Dkt. No. 1. In a March 21, 2016 Memorandum-Decision and Order, the Court, among other things, denied Defendants Crane Co. and Foster Wheeler's motions for summary judgment. *See* Dkt. No. 361.[1]

Currently before the Court are Defendant Crane Co.'s motions for reconsideration and to amend the Court's March 21, 2016 Memorandum-Decision and Order. *See* Dkt. Nos. 368 & 369.

## II. BACKGROUND

The Court assumes the parties' familiarity with the relevant facts and refers them to the Court's March 21, 2016 for a complete recitation of the background facts. *See* Dkt. No. 361.

## III. DISCUSSION

### A.    Standard of review

Motions for reconsideration proceed in the Northern District of New York under Local Rule 7.1(g). *See Maye v. New York*, No. 1:10-cv-1260, 2011 WL 4566290, *2 n.6 (N.D.N.Y. Sept. 29, 2011). "'In order to prevail on a motion for reconsideration, the movant must satisfy

---

[1] The Court also denied Defendants' motions *in limine* seeking to preclude the testimony of Plaintiff's expert, Dr. Steven Markowitz. *See* Dkt. No. 361.

stringent requirements.'" *Id.* (quoting *C–TC 9th Ave. P'ship v. Norton Co. (In re C–TC 9th Ave. P'ship)*, 182 B.R. 1, 2 (N.D.N.Y. 1995)).  A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir. 1995).  "The prevailing rule 'recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice.'" *Maye*, 2011 WL 4566290, at *2 (quoting *In re C–TC 9th Ave. P'ship*, 182 B.R. at 3).  "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

**B.     Motion to "Amend"**

In its motion to amend, Defendant Crane Co. notes that, in its March 21, 2016 Memorandum-Decision and Order, "the Court unequivocally held that maritime law governs Plaintiff's claims."  Dkt. No. 368-2 at 1.  Thereafter, however, Defendant Crane Co. contends that the Court continued to discuss New York law regarding the question of an equipment manufacturer's legal responsibility, if any, for products made and sold entirely by others.  *See id.* Crane Co. argues that the Court failed to indicate that this holding was an "alternative ground" for its decision.  *See id.* "Because Crane Co. is litigating that very issue of New York law before the New York Court of Appeals, Crane Co. respectfully requests that to avoid possible and wholly unnecessary prejudice to it, and in deference to the forthcoming resolution by New York's highest court of this important question of law, the Court should amend its Opinion to remove the discussion of and conclusion about that New York law issue."  *Id.* Crane Co. argues that the

Court should grant this relief for the following reasons: "(i) once the Court determined that maritime law applied, the analysis of New York law became academic and unnecessary to the Court's decision; (ii) Crane Co. neither presented complete legal arguments on the New York law issue nor was afforded the opportunity to fully address it[;] and (iii) the New York Court of Appeals will hear arguments on May 3, 2016 regarding that exact issue of New York law and will thereafter decide the issue, thus obviating any need for this Court to offer an opinion on that question of law – an opinion that, as is always the case, can be erroneous whenever a state's highest court has not resolved the issue." *Id.* at 1-2.

Defendant Crane Co. argues that the Court should "delete" the discussion in its March 21, 2016 Memorandum-Decision and Order in which it construed New York law in a manner Crane Co. deems against its interests. *See* Dkt. No. 368-2 at 3. Defendant Crane. Co. makes this request because the matter is pending before the New York State Court of Appeals and Crane Co. is fearful that this Court's unnecessary "dicta" addressing this area of New York state law will somehow prejudice it before the Court of Appeals. *See id.* at 3-5.

While the Court recognizes Defendant Crane Co.'s argument that the Court's "dicta" could lead the New York Court of Appeals down the wrong path, it believes the judges of the Court of Appeals are quite capable of reaching an informed opinion, even in light of this Court's "dicta." In fact, the Court of Appeals issued its decision on June 26, 2016. *See In re New York City Asbestos Litig., No. 83: Dummitt v. A.W. Chesterton, et al.*, 27 N.Y.3d 765 (2016) ("*Dummitt*"). As such, Defendant Crane Co.'s motion is moot.[2]

---

[2] The Court notes that both the majority and concurring opinions in *Dummitt* cited this Court's March 21, 2016 decision favorably. In rejecting Crane Co.'s position, however, the Court of Appeals relied on a number of cases that had reached a similar result. *See Dummitt*, 27 N.Y.3d at 798-99 ("In any event, to the extent other courts have adopted the cramped view of duty

(continued...)

Moreover, as Plaintiff correctly argues, the Court is unaware of any authority that would permit the Court to grant the relief requested. Rather, the motion to "amend" appears to be simply an additional motion for reconsideration in which Defendant Crane Co. attempts to avoid the stringent requirements for such a motion. As such, the Court finds that, even if this motion was not rendered moot, Defendant Crane Co. failed to set forth a valid reason for granting such relief. Finally, contrary to Crane Co.'s assertions, it had ample opportunity to address this issue. In fact, Crane Co. did address New York law in both its moving papers and in its reply.

Based on the foregoing, the Court denies Defendant Crane Co.'s motion to amend.

## C.     Reconsideration

In denying the motion for summary judgment, the Court relied in part on *Quirin v. Lorillard Tobacco Co.*, 17 F. Supp. 3d 760 (N.D. Ill. 2014). Defendant Crane Co. argues that the Court should grant its motion for reconsideration because "the Court did not discuss or consider the recent decision of *Dandridge v. Crane Co.*, No. 2:12-cv-00484, 2016 WL 319938 (D. S.C. Jan. 27, 2016), which distinguished and clarified the holding of the *Quirin* opinion, or the recent decision in *Holland v. AIRCO, Inc.*, No. 5:11-cv-02189, 2016 WL 1162602 (N.D. Ala. Mar. 24, 2016), which dealt squarely with the question of whether Crane Co. valves 'required' asbestos-containing materials to function." Dkt. No. 369-2 at 1.

Although Defendant Crane Co. correctly sets for the standard governing motions for reconsideration, it is apparently unaware of the fact that the District Court for the Northern District of New York is not within the confines of or bound by the decisions of the District of South Carolina or the Northern District of Alabama. As such, the well-reasoned decisions from

---

[2](...continued)
advanced by Crane, we have already explained at length why we, like many other courts, disagree with that approach") (citations omitted).

those district courts are not "controlling decisions" that the Court overlooked in denying the motion for summary judgment and, therefore, not a basis for the Court to grant reconsideration. *See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

Further, the cases upon which Defendant Crane Co. relies are distinguishable from the present matter. In fact, *Holland* is not even a Navy case and does not once address, mention or refer to maritime law but instead deals solely with Alabama state law. *See Holland*, 2016 WL 1162602, at *3. Moreover, although *Dandridge* is a Navy case that discusses maritime law, the *Dandridge* court's analysis has already been specifically rejected by this Court. When this Court denied Defendants' motions for summary judgment, it recognized that district courts have reached "divergent conclusions" regarding when an equipment manufacturer can be held liable for failing to warn about asbestos-containing replacement parts it did not manufacture or supply. *See* Dkt. No. 361 at 23 (citing cases). After considering the three paths taken by other courts, the Court chose to follow the "middle path" as set forth by the district court in *Quirin v. Lorillard Tobacco Co.*, 17 F. Supp. 3d 760 (N.D. Ill. 2014). *See id.* at 23-24. The Court has already rejected the analysis set forth in these non-binding cases and finds that these subsequent decisions do not represent a valid basis for granting reconsideration.

Moreover, Defendant Crane Co. has not presented any new evidence relevant to this matter that would cause the Court to reconsider its previous decision. The only "new" facts upon which Crane Co. relies are holdings from other cases, involving evidence not at issue here and not before the Court. The findings of these courts are not "new evidence" for purposes of a motion for reconsideration. Further, unlike the plaintiffs in *Holland*, Plaintiff presented evidence that Crane Co. sold valves with asbestos-containing components; knew that those components would disintegrate and need to be scraped off and replaced by sailors like Mr. Osterhout; marketed and

sold asbestos-containing replacement components for those valves to the Navy; and, specified the use of asbestos-containing components in/with its valves. *See* Dkt. No. 361 at 25-26.[3] Finally, the Court finds that Defendant Crane Co. has presented nothing to suggest that this Court must remedy its decision in order to prevent "a clear error of law or manifest injustice."

Based on the foregoing, the Court denies Defendant Crane Co.'s motion for reconsideration.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** Defendant Crane Co.'s motions for reconsideration and to amend (Dkt. Nos. 368 and 369) are **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 27, 2016
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[3] The Court notes that the plaintiff in *Holland* was exposed to asbestos containing material used with Crane Co. valves starting in 1974 and the plaintiff in *Dandridge* was first exposed to such products in 1965. Here, however, Mr. Osterhout was exposed to these products from December 15, 1947 through October 17, 1950. *See* Dkt. No. 361 at 3.